UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| XIUHUA LIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:26-CV-278-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| JASON WOOSLEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On May 11, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus, and ordered Respondents to release Petitioner or, alternatively, provide Petitioner a bond hearing before a neutral Immigration Judge under 8 U.S.C. § 1226(a). [R. 15]. The Respondents have now advised the Court that Petitioner received a bond hearing on May 14, 2026, and bond was denied upon a finding that Petitioner was a danger to the community. [R. 16]; [R. 16-1]. Counsel for Petitioner has since filed a letter with the Court, detailing the evidence and arguments presented at the bond hearing and arguing that the Immigration Judge failed to provide a fair and adequate individualized review because "the denial appears to rest solely on the location and circumstances of Petitioner's arrest." [R. 17]. From the best the Court can tell, Petitioner disagrees with the Immigration Judge's discretionary bond decision. *Id.* However, the Court lacks jurisdiction to consider that issue under 8 U.S.C. § 1226(e). *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019).

Respondents having complied with the Court's Memorandum Opinion and Order, the Court concludes that Petitioner has been provided the process due under the Immigration

- 1 -

- 2 -

Nationality Act and the Fifth Amendment's Due Process Clause.  Accordingly, the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

1.   This matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

2.   A separate judgment shall be entered.

This the 21st day of May, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY